IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                          PLAINTIFF

V.                                          CAUSE NO. 3:14-CV-101-CWR-LRA

H&B TRADING COMPANY                                          DEFENDANT

<u>ORDER</u>

Before the Court are the United States of America's motion for summary judgment, Docket No. 9, and H&B Trading Company's motion for leave to amend its answer and affirmative defenses, Docket No. 15. After considering the arguments, evidence, and applicable law, the motions will be granted.

**I.      Factual and Procedural History**

As a tobacco importer, H&B Trading Company was required by the Fair and Equitable Tobacco Reform Act of 2004 (FETRA) to make quarterly payments to the U.S. Department of Agriculture. 7 U.S.C. § 518d. From 2005 through 2010, H&B did not make its payments in full.

On April 6, 2010, H&B signed a promissory note with the government in which it agreed to settle its outstanding liability for $167,667.70 at 3.25% annual interest. When H&B did not meet its payment obligations on the note, the government filed this suit. H&B's answer admitted liability. Docket No. 7.

The government's motion for summary judgment sets forth the relevant facts.  Docket No. 9. They are not in dispute. In response, H&B seeks leave to amend its answer to deny liability under FETRA (while still admitting liability under the promissory note) by invoking for the first time the defense of accord and satisfaction. Docket No. 15. The government replies that

amendment is futile – and summary judgment still appropriate – because H&B never satisfied the accord, among other reasons. Docket Nos. 18-19.

## II.      Motion to Amend

Under Federal Rule of Civil Procedure 15(a)(2), the Court should "freely" give leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Given this standard, and in light of the relatively short period between H&B's first answer and its request to amend, H&B's motion will be granted.

In recognition of the procedural posture of this case, H&B need not refile its amendment. The Court will accept the proposed amended answer and affirmative defense shown at Docket No. 15-1 as if re-docketed.

## III.     Motion for Summary Judgment

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking to avoid summary judgment must identify admissible evidence in the record showing a fact dispute. *Id.* at 56(c)(1); *Tran Enterprises, LLC v. DHL Exp. (USA), Inc.*, 627 F.3d 1004, 1010 (5th Cir. 2010). The Court views the evidence and draws reasonable inferences in the light most favorable to the nonmovant. *Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011).

H&B's principal contention against summary judgment is that "[t]he Court should not grant Plaintiff a judgment on pre-April 6, 2010 FETRA assessments because the promissory note extinguished those liabilities." Docket No. 17, at 4. The argument is premised upon the defense of accord and satisfaction. *Id.* at 5. H&B concludes that "the promissory note constitutes a

substitution and replacement for the pre-April 6, 2010 outstanding tobacco assessment debt, and

H & B has no liability under FETRA for pre-April 6, 2010 tobacco assessments." *Id.*

> The four elements of a valid accord and satisfaction under Mississippi Law are: (1) Something of value offered in full satisfaction of a demand; (2) accompanied by acts and declarations as amount to a condition that if the thing offered is accepted, it is accepted in satisfaction; (3) the party offered the thing of value is bound to understand that if he takes it, he takes subject to such conditions; and (4) The party actually does accept the item.

*Medlin v. Hazlehurst Emergency Physicians*, 889 So. 2d 496, 498 (Miss. 2004).

The defense of accord and satisfaction is unavailing because H&B never satisfied the first element: it never gave the government something of value to satisfy the government's demand. *See, e.g.*, *McDaniel v. Citizens Bank*, 937 So. 2d 26, 28 (Miss. Ct. App. 2006); *see also Tri-O, Inc. v. United States*, 28 Fed. Cl. 463, 470 (1993) ("The 'satisfaction' is the performance of that agreement which occurs when the stated conditions are met, for example, when the specified sum is actually paid."). Instead of giving the government a lesser amount of money to satisfy a greater deficiency – the traditional accord and satisfaction arrangement – H&B simply promised to pay, and then breached its promise. Its failure to follow through means the government can enforce H&B's original liability (*i.e.*, H&B's liability under FETRA) or any remedy provided in the promissory note. *See* Restatement (Second) of Contracts § 281 (database updated Oct. 2014).

## IV.    Conclusion

The motions are granted. By Friday, March 20, 2015, the parties shall submit to chambers a Final Judgment reflecting H&B's current outstanding balance, including interest, assessments, and penalties that have accrued.

**SO ORDERED**, this the 13th day of March, 2015.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE